Todd M. Friedman (SBN 216752)
Meghan E. George (SBN 274525)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TOBY HOY,** individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**EASY HEALTH INSURANCE SOLUTIONS, LLC; EASY HEALTH, INC.;** and DOES 1-10, inclusive**,**<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1.     TOBY HOY ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of EASY HEALTH INSURANCE SOLUTIONS, LLC and EASY HEALTH, INC, ("Defendants"), in negligently and willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA") and related regulations.  Plaintiff alleges as follows upon personal knowledge as to himself and

his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2.    The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.    In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls and messages are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.    TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.    Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. *See also Mims*, 132 S. Ct. at 744.

5.    In a recent decision, the Supreme Court interpreted the term "automatic telephone dialing system" and held that "[t]o qualify as an 'automatic telephone dialing system,' a device must have the capacity either to store a

telephone number using a random or sequential generator *or* to produce a telephone number using a random or sequential number generator." *Facebook, Inc. v. Duguid*, 141 S.Ct. 1163 (2021) (emphasis added).

6.    In *Duguid*, the Supreme Court provided an example of such systems, stating: "For instance, an autodialer might use a random number generator to determine the order in which to pick phone numbers from a preproduced list. It would then store those numbers to be dialed at a later time." *Id.* at 1171-72 fn. 7.

7.    Further, both *Duguid* and the legislative history of the TCPA are clear that the original focus on prerecorded voice technology prohibition was the fact that such communications involved agentless calls, not on the question of whether a literal voice was used during those agentless calls. *See* Hearing Before the Subcommittee on Communications of the Committee on Commerce, Science and Transportation, United States Senate One Hundred Second Congress First Session July 24, 1992, Testimony of Robert Bulmash and Steve Hamm at pg 11; 7 FCC Rcd. 8752 (F.C.C. September 17, 1992).

8.    The Sixth Circuit has also recognized this distinction: "Congress drew an explicit distinction between 'automated telephone calls that deliver an artificial or prerecorded voice message' on the one hand and 'calls place by 'live' persons' on the other." *Ashland Hosp. Corp. v. Serv. Employees Int'l Union, Dist. 1199 WV/KY/OH*, 708 F.3d 737,743 (6th Cir. 2013).

9.    Similarly, the FTC has observed that "prerecorded calls are by their very nature one-sided conversations, and if there is no opportunity for consumers to ask questions, offers may not be sufficiently clear for consumers to make informed choices before pressing a button or saying yes to make a purchase." 73 FR 51164-01, 51167 (Aug. 29, 2008).

### JURISDICTION AND VENUE

10.    Jurisdiction is proper under 28 U.S.C. § 1331 because this action

arises under a federal statute, the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

11.    Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b)(1) because Defendants both reside within this district.

PARTIES

12.    Plaintiff is, and at all times mentioned herein, was a citizen and resident of the State of Iowa.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

13.    Plaintiff is informed and believes, and thereon alleges, that Defendant EASY HEALTH INSURANCE SOLUTIONS, LLC is a California limited liability company which maintains its principal place of business in Los Angeles, California.  Defendant, and all of its agents, are and at all times mentioned herein were "persons," as defined by 47 U.S.C. § 153(39).  Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of Los Angeles, and within this judicial district.

14.    Plaintiff is informed and believes, and thereon alleges, that Defendant EASY HEALTH, INC. is a Delaware corporation which maintains its principal place of business in Beverly Hills, California.  Defendant, and all of its agents, are and at all times mentioned herein were "persons," as defined by 47 U.S.C. § 153(39).  Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of Los Angeles, and within this judicial district.

FACTUAL ALLEGATIONS

15.    On or about October 8, 2021, Plaintiff received an incoming call from Defendants on his cellular telephone number ending in -0280.

16.    Defendants did not have Plaintiff's prior express consent to contact him on his cellular phone.

17.    Further, at the time of Defendants' initial call, Plaintiff's cellular telephone number ending in -0280 had been on the National Do-Not-Call Registry for far more than thirty days.

18.    Despite not having Plaintiff's consent to contact him and not receiving any response to its initial call, Defendants called Plaintiff again from a different outgoing telephone number.

19.    Based on the content of Defendants' calls, specifically the pause and click Plaintiff heard prior to hearing a live person on the line, Plaintiff alleges that the calls were placed using an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(a)(1) and as prohibited by 47 U.S.C. § 227(b)(1)(A).

20.    The telephone number that Defendants, or their agents called was assigned to a cellular telephone service for which Plaintiff incur charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

21.    These calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

22.    Plaintiff was never a customer of Defendants and never provided his cellular telephone number to Defendants for any reason whatsoever. Accordingly, Defendants and their agents never received Plaintiff's prior express consent to receive unsolicited telemarketing calls, pursuant to 47 U.S.C. § 227(b)(1)(A).

23.    Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendants' services.

24.    Plaintiff received at least two such calls from Defendants within a 12-month period.

25.    Based upon Plaintiff's experience of being called by Defendants after being on the National Do-Not-Call Registry prior to Defendant's initial call, Defendants failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

26.    These calls by Defendants, or their agents, violated 47 U.S.C. § 227(b)(1) and 47 U.S.C. § 227(c).

CLASS ACTION ALLEGATIONS

27.    Plaintiff brings this action on behalf of himself and on behalf of and all others similarly situated, as a member of the two proposed Classes (together, "Classes").

28.    Plaintiff represents, and is a member of, the ATDS Class, defined as follows: all persons within the United States who received any unsolicited calls made using an ATDS or an artificial or prerecorded voice from Defendants, which call was not made for emergency purposes or with the recipient's prior express consent within the four years prior to the filing of the Complaint through the date of class certification.

29.    Plaintiff represents and is a member of, the DNC Class, defined as follows: all persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent nor had a prior established business relationship, who received more than one call sent by or on behalf of Defendants that promoted Defendants' products or services, within any twelve-month period, within four years prior to the filing of the Complaint through the date of class certification.

30.    Defendants, their employees and agents are excluded from the Classes.  Plaintiff does not know the number of members in the Classes, but believes the Classes' members number in the thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

31.    This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Classes, and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the

right to expand the Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

32.     The joinder of all ATDS and DNC Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class can be identified through Defendants' records or Defendants' agents' records.

33.     Plaintiff and members of the ATDS Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through their agents, illegally contacted Plaintiff and the ATDS Class members via their cellular telephones by using solicitation/marketing calls, thereby causing Plaintiff and the ATDS Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the ATDS Class members previously paid, and invading the privacy of said Plaintiff and the ATDS Class members.  Plaintiff and the ATDS Class members were damaged thereby.

34.     There is a well-defined community of interest in the questions of law and fact involved affecting the ATDS Class members.  The questions of law and fact common to the ATDS Class predominate over questions which may affect individual ATDS Class members, including the following:

a)  Whether, within the four years prior to the filing of this Complaint through the date of class certification, Defendants or their agents placed any calls (other than a message made for emergency purposes or made with the prior express consent of the called party) to any ATDS Class member using any automatic dialing system or artificial or prerecorded voice to any telephone number assigned to a cellular phone service;

b)  Whether Plaintiff and the ATDS Class members were damaged thereby, and the extent of damages for such violation; and

c)  Whether Defendants and their agents should be enjoined from engaging in such conduct in the future.

35.     As a person that received at least one such call without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the ATDS Class.

Plaintiff will fairly and adequately represent and protect the interests of the ATDS Class in that Plaintiff has no interests antagonistic to any member of the ATDS Class.

36.    Plaintiff and members of the DNC Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and the DNC Class members via their cellular telephones for solicitation purposes, thereby invading the privacy of Plaintiff and the DNC Class members whose telephone numbers were on the National Do-Not-Call Registry. Plaintiff and the DNC Class members were damaged thereby.

37.    There is a well-defined community of interest in the questions of law and fact involved affecting the DNC Class members.  The questions of law and fact common to the DNC Class predominate over questions which may affect individual DNC Class members, including the following:

a)    Whether, within the four years prior to the filing of this Complaint through the date of class certification, Defendants or their agents placed more than one solicitation call to the members of the DNC Class whose telephone numbers were on the National Do-Not-Call Registry for over thirty days and who had not granted prior express consent to Defendants and did not have an established business relationship with Defendants;

b)    Whether Plaintiff and the DNC Class members were damaged thereby, and the extent of damages for such violations; and

c)    Whether Defendants and their agents should be enjoined from engaging in such conduct in the future.

38.    Plaintiff and the members of the Classes have suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct.  Absent a class action, the Classes will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct.  Because of the size of the individual member's claims, few, if any, members of the Classes could afford to seek legal redress for the wrongs complained of herein.

39. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

40. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and California law. The interest of the Classes' members in individually controlling the prosecution of separate claims against Defendants are small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

41. Defendants have acted on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Classes as a whole.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TCPA
### 47 U.S.C. § 227(B)
### ON BEHALF OF PLAINTIFF AND THE ATDS CLASS

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227(b).

44. As a result of Defendants' negligent violations of 47 U.S.C. § 227(b), Plaintiff and the ATDS Class members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

45. Plaintiff and the ATDS Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
### 47 U.S.C. § 227(B)

**ON BEHALF OF PLAINTIFF AND THE ATDS CLASS**

46.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227(b).

48.     As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff and the ATDS Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

49.     Plaintiff and the ATDS Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**THIRD CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TCPA**
**47 U.S.C. § 227(C)**
**ON BEHALF OF PLAINTIFF AND THE DNC CLASS**

50.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51.     The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227(c)(5).

52.     As a result of Defendants' negligent violations of 47 U.S.C. § 227(c), Plaintiff and the DNC Class members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

53.     Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///

### FOURTH CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
### 47 U.S.C. § 227(C)
### ON BEHALF OF PLAINTIFF AND THE DNC CLASS

54.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55.  The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227(c)(5).

56.  As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff and the DNC Class members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

57.  Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff, and members of the Classes, the following relief against Defendants:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227(B)

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each ATDS Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

///

///

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227(B)

- As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each ATDS Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### THIRD CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227(C)

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(c)(5), Plaintiff seeks for himself and each DNC Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).
- Pursuant to 47 U.S.C. § 227(c)(5)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### FOURTH CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227(C)

- As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227(c)(5), Plaintiff seeks for himself and each DNC Class members $1,500.00 in statutory damages, for each and every violations, pursuant to 47 U.S.C. § 227(c)(5)(B).
- Pursuant to 47 U.S.C. § 227(c)(5)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

///

///

///

///

1

### TRIAL BY JURY

2     58.    Pursuant to the seventh amendment to the Constitution of the United

3  States of America, Plaintiff is entitled to, and demands, a trial by jury.

4

5

6
Dated: August 2, 2023                          Respectfully submitted,
7

8               **THE LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

9                                          By:  s/ Todd M. Friedman

10                                         TODD M .FRIEDMAN, ESQ.

11                                         ATTORNEY FOR PLAINTIFF

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28